■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCIS FOGARTY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered June 15, 1977, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant was deprived of a fair trial as a result of the testimony adduced at trial from a child psychiatrist and the trial prosecutor's summation. During the course of her testimony on the People's direct case, the child psychiatrist made direct reference to the complainant's ability to tell the truth. Under the circumstances of this case, such testimony served to bolster the complainant's credibility and interfered with the jurors' duty to assess the complainant's veracity, unfettered and without undue influence by the opinion of an expert. Furthermore, the prosecutor exceeded the bounds of proper summation by playing heavily upon the emotions of the jurors in an obvious attempt to align them with the complainant and to thus bolster his testimony. In an emotionally charged prosecution such as this, a prosecutor must scrupulously avoid the introduction of extraneous and prejudicial matter into his summation. Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FRANCIS FOGARTY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), rendered January 26, 1978, convicting him of sexual abuse in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. At the trial, the People adduced testimony from a child psychiatrist with reference to the infant complainant's veracity and his vulnerability to sexual involvement with an adult. This testimony improperly bolstered the complainant's credibility and unduly colored the jurors' assessment of his veracity. References to such testimony were made by the prosecutor in his summation, thereby compounding the prejudice to defendant. In addition, in his summation the prosecutor made repeated reference to the complainant's mental and social disabilities and made statements obviously calculated to impermissibly bolster the complainant's testimony, adding to the shroud of unfairness cloaking this trial. In view of the foregoing, defendant is entitled to a new trial (see *People v Fogarty,* 86 AD2d 617 [No. 42]). Lazer, J. P., Gulotta, Cohalan and Bracken, JJ., concur.