■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered October 31, 1984, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON SMITH, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Westchester County (Colabella, J.), rendered January 5, 1984, convicting him of robbery in the first degree (two counts) and sodomy in the first degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered May 13, 1985, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment dated January 5, 1984, is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered; and it is further,

Ordered that the appeal from the order entered May 13, 1985, is dismissed as academic in light of our determination on the appeal from the judgment.

The defendant was convicted on the basis of the eyewitness

identification testimony of one of the two victims of a late-night robbery and sexual assault that occurred in October 1982 in the Town of Pelham. On appeal, the defendant contends that the tenuous identification evidence, taken together with the alibi evidence presented in his defense, require reversal of his conviction for failure to prove his guilt beyond a reasonable doubt. Based upon this record, we cannot agree, but we do find the identification testimony to be of sufficient uncertainty and the issue of the defendant's guilt to be sufficiently close to warrant the granting of a new trial based upon errors of which the defendant now complains, notwithstanding his failure to have objected to them at trial.

Specifically, we find reversible error to have been committed in the prosecutor's questioning of Lieutenant Carol Kope, the sex crimes investigator who interviewed the two victims on the night of the crime. The sum effect of Lieutenant Kope's testimony was to improperly bolster the credibility of the identifying witness while explaining away, by means of unqualified opinion, the inability of the other victim to make an identification (see, People v Ciaccio, 47 NY2d 431; People v Cruickshank, 105 AD2d 325, 331, affd 67 NY2d 625). Among the testimony elicited was the hearsay statement that the identifying witness had said that "she would have no trouble recognizing [the assailant] again, if she ever saw him again" (cf., People v Fogarty, 86 AD2d 617). Equally improper, and just as damaging, was Lieutenant Kope's testimony concerning the nonidentifying witness's "repressing" and "blocking * * * out" of information about the event, which referred to a psychological phenomena regarding which no qualifications or expertise on the part of Lieutenant Kope had been established (see, Fisch, New York Evidence § 428 [2d ed]; cf., People v Benjamin R., 103 AD2d 663, 668-669; People v Fisher, 73 AD2d 886, affd 53 NY2d 907) and which was an obvious effort to explain away the fact that the nonidentifying victim could not identify the defendant as the perpetrator of the crime. This error was compounded on summation by the prosecutor's repeated comments that the nonidentifying witness had "blocked out" the event (see, People v Fogarty, supra). These errors, although unpreserved, combined to deprive the defendant of a fair trial and thus require a reversal. The defendant's remaining claims of trial error have been examined and found to be without merit.

Although we have dismissed as academic the appeal from the order denying the defendant's CPL 440.10 motion, we note that had reversible trial error not been found we would have

granted the motion on the ground that material evidence was withheld from the defense in violation of *Brady v Maryland* (373 US 83). Long before the defendant's trial commenced, the People were aware of a possible conspiracy against the defendant predating the crime for which he was arrested and tried, which involved a Village of Pelham Manor police officer and two persons with suspected ties to organized crime *(see, People v Crea,* 126 AD2d 556). Among the various facts known to the People, yet withheld from the defense, was the fact that the police officer had engaged in acts of official misconduct aimed at influencing the police investigation to focus upon the defendant. Given the tenuous nature of the evidence in this case, the possible exculpatory value of this nondisclosed evidence cannot be lightly dismissed *(see, United States v Agurs,* 427 US 97, 112-113). At the very least, the defendant was deprived of the opportunity to make an informed decision regarding the trial strategy that would have been in his best interests to pursue, which must be considered in this case to have deprived him of a fair trial *(see, United States v Bagley,* 473 US 667). Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.