THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM R. BLAKE, JR., Appellant.—

Defendant's convictions arise out of events that occurred on

February 10, 1987. Following an appearance in the Town of Dewitt Justice Court, defendant, while handcuffed to two other individuals, grabbed a gun from a transport Deputy, then shot and killed an Onondaga County Deputy Sheriff and wounded another.

The principal issue on appeal is whether defendant's constitutional and statutory right to be present during jury selection was violated. Specifically, defendant contends that the court committed reversible error by conducting a portion of the voir dire at the Bench, in the presence of both counsel, but in his absence. The bench conferences were recorded and the record contains no objection to the method used to select the jury. Thus, the defendant's claim of error is not preserved for review *(see,* CPL 470.05 [2]), and this is not an appropriate case to review the issue in the interest of justice *(see,* CPL 470.15 [3] [c]). Defendant's claim of prejudice is unsupported in the record *(see, People v Ganett,* 68 AD2d 81, *affd* 51 NY2d 991) and it cannot be said that he was denied a fair trial. Further, there is no merit to defendant's claim regarding the court's examination of the 10 sworn jurors and four prospective jurors in Chambers *(see, People v Mullen,* 44 NY2d 1, 5-6).

In reviewing the other issues raised on appeal, we conclude that County Court's instruction on extreme emotional disturbance does not require reversal *(see, People v Cathcart,* 154 AD2d 939); that defendant's sentence was in all respects proper *(see, People v Day,* 73 NY2d 208, 211-212); that defendant was properly removed from the courtroom following his disruptive and obstreperous conduct and the trial court's full and adequate admonitions *(see,* CPL 260.20; *People v Johnson,* 45 AD2d 1030, *affd* 37 NY2d 778); that defendant's claims of prosecutorial misconduct during summation were unpreserved and, in any event, do not require reversal; and that the trial court's charge on intent did not violate the *Sandstrom* rule *(see, People v Getch,* 50 NY2d 456). (Appeal from judgment of Onondaga County Court, Mulroy, J.—murder, first degree.) Present—Dillon, P. J., Callahan, Boomer, Pine and Balio, JJ.