■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO VILORIA, Appellant.—Judgment of the Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered April 17, 1989, which convicted defendant, after jury trial, of sodomy in the third degree, endangering the welfare of a child (three counts) and criminal possession of a weapon in the fourth degree and sentenced him to a term of imprisonment of six months on the sodomy count and conditional discharges otherwise, unanimously reversed, on the law, judgment vacated and the matter remanded to Supreme Court for a new trial.

Defendant testified on his own behalf at trial and presented the testimony of four witnesses who stated that they had heard nothing bad about his reputation for truthfulness and honesty. Upon cross-examination, however, the prosecution presented rebuttal witnesses who testified regarding defendant's reputation for "truthfulness, morality and decency." Defense counsel objected to the scope of the testimony as going beyond the character trait in issue but, following a conference conducted off the record, was overruled by the Trial Justice.

By taking the stand in his own defense and by introducing evidence of his reputation for truth and veracity, a defendant does not place his general character in issue (People v Hinksman, 192 NY 421, 432-436). Testimony elicited in rebuttal must be relevant to the character trait put in issue by the defendant (People v Fay, 270 App Div 261, affd 296 NY 510, affd 332 US 261; Fisch, Evidence § 178, at 104 [2d ed 1977]). It was therefore improper for the prosecution to present testimony, over defense counsel's objection, that defendant's reputation in the community was that "the doctor was fresh, and he had wandering hands. They didn't trust him."

Neither can it be said that the testimony received was harmless (see, People v Crimmins, 36 NY2d 230). The determination of guilt or innocence rested largely on the jurors' assessment of the respective credibility of defendant and the 14-year-old complainant. Therefore, the introduction of evidence of defendant's reputation for morality and decency must be considered prejudicial. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.