■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE LEE DUNLAP, Also Known as ABBAS A. KALONJI, Appellant.—Judgment affirmed. Memorandum: On appeal defendant contends that his statutory and constitutional rights to be present during jury selection were violated when the court conducted a portion of the voir dire at the Bench, in the presence of both counsel, but in his absence. Defendant did not object to the procedure and, when questioned by the court, defendant indicated that he waived his right to be present at the Bench. Any error thus has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Blake,* 158 AD2d 979), and we decline to reach the issue in the interest of justice *(see,* CPL 470.15 [3] [c]). We find no support in the record for defendant's claim of prejudice *(see, People v Ganett,* 68 AD2d 81, *affd* 51 NY2d 991), and the procedure did not deny defendant a fair trial. It would be better, however, to conduct the entire voir dire in defendant's presence *(see, People v Ganett, supra).*

Defendant further contends that the trial court erred in denying his request for an identification expert. We conclude that the trial court did not abuse its discretion in denying the request *(see, People v Cronin,* 60 NY2d 430, 433; *People v Barnwell,* 155 AD2d 886; *People v Valentine,* 53 AD2d 832).

We have reviewed the remaining contentions contained in defense counsel's and defendant's *pro se* briefs and find them either unpreserved or without merit.

All concur, except Doerr, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Doerr, J. (dissenting). I respectfully dissent. In my view, defendant's constitutional and statutory rights to be present during jury selection were violated when the court conducted a portion of the voir dire at the Bench in the presence of the prosecutor and defense counsel, but outside of the defendant's presence. A defendant has a right to be personally present at the trial of an indictment (CPL 260.20; *People v Darby,* 75 NY2d 449; *People v Parker,* 57 NY2d 136, 139; *People v Wilson,* 106 AD2d 146, 148). "This necessarily includes all proceedings had in impaneling the jury" *(People v Ciaccio,* 47 NY2d 431, 436; *People v Mullen,* 44 NY2d 1, 4; *People v Wilson, supra,* at 149). In fact, this court has held that jury selection is a "crucial stage" in a criminal proceeding for which defendant's presence is required *(People v Wilson, supra,* at 149).

A defendant may waive his right to be present at a criminal trial, but because "the right is one of a fundamental nature", the "validity of any waiver * * * must be tested according to constitutional standards" *(People v Parker, supra,* at 140; *see also, People v Epps,* 37 NY2d 343, 350, *cert denied* 423 US 999). "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial" *(People v Parker, supra,* at 141). Here, the record does not support a finding that defendant voluntarily, knowingly and intelligently waived his right to have portions of the voir dire conducted at the Bench outside of his presence. The court did not inform defendant of his rights in this regard, but merely asked defendant if he wished to waive his presence at the Bench during portions of the voir dire. From this very brief exchange, it cannot be concluded that defendant's waiver met constitutional standards.

Nor do I agree with the majority's determination that defendant, by failing to object to the procedure utilized by the court, has failed to preserve this issue for review *(see also, People v Blake,* 158 AD2d 979). Because the procedure adopted by the trial court "is at a basic variance with the mandate of law" *(People v Patterson,* 39 NY2d 288, 296, *affd* 432 US 197), this issue should be reviewed by an appellate court even in the absence of an objection. (Appeal from judgment of Onondaga County Court, Mulroy, J.—rape, first degree.) Present— Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.