■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER PAGE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of attempted sodomy in the first degree, two counts of rape in the third degree, five counts of incest, and one count of endangering the welfare of a child for engaging in sexual intercourse and other sexual misconduct with his teen-age daughter. We find that the evidence was legally sufficient to convict defendant. Defendant's daughter, who was 17 years of age at the time of trial, testified in detail about a number of specific acts of sexual intercourse with her father. Defendant testified in his own defense and denied any sexual misconduct with his daughter. The issue was thus one of credibility and, upon our review of the record, we find no basis to disturb the jury's verdict (see, People v Bleakley, 69 NY2d 490, 495).

Defendant has failed to preserve his contention that the trial court's preliminary instructions to the jury were inadequate because they failed "to charge basic legal principles favorable to the defense" (CPL 470.05 [2]; *People v Van Etten,* 94 AD2d 953). In any event, there is no merit to defendant's claim because the court's preliminary instructions fully comported with the requirements of CPL 270.40.

At trial, expert testimony by a rape crisis advocate was properly admitted to explain the behavior exhibited by the victim of this intrafamilial sexual assault *(see, People v Taylor,* 75 NY2d 277). Contrary to defendant's assertions, that evidence was not admitted to prove that the rapes occurred *(see, People v Banks,* 75 NY2d 277), but rather was offered to explain the behavior exhibited by the victim in failing promptly to report these incidents and in continuing to associate with her abuser after these incidents occurred. Thus, the court did not abuse its discretion in admitting, and thereafter limiting, the expert testimony.

Finally, there is no merit to defendant's claim that the indictment was defective for lack of specificity. Because defendant failed to challenge the adequacy of the indictment, he may not raise that issue for the first time on appeal *(People v Soto,* 44 NY2d 683, 684; *People v Andrews,* 146 AD2d 787, 788). Furthermore, the dates set forth in the indictment were reasonably specific and enabled defendant to prepare a defense to the crimes charged *(see,* CPL 200.50 [6]; *People v Keindl,* 68 NY2d 410, 417; *People v Morris,* 61 NY2d 290, 294-295). (Appeal from judgment of Erie County Court, Drury, J.— attempted sodomy, first degree.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.