■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KARST, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction of second degree rape and endangering the welfare of a child stemming from his sexual abuse of his 11-year-old daughter. He contends that he was deprived of the effective assistance of counsel, that the court erred in receiving expert testimony concerning the sexually abused child syndrome, and that the court erred in failing to disqualify the special prosecutor. Defendant's contentions lack merit.

Defendant received effective assistance. Trial counsel's failure to impeach the victim with her prior inconsistent statements was apparently based on a tactical decision that to do so would result in the jury's being made aware of uncharged crimes. Trial counsel was not deficient in failing to object to the psychological testimony or to an alleged instance of prosecutorial vouching because neither the evidence nor the prosecutorial comment was objectionable. Further, we cannot conclude that counsel failed to present testimony that the complainant was sexually active and that she had a poor reputation for truthfulness as there is nothing in this record to support those contentions. With respect to defendant's contention that trial counsel failed to put on a meaningful defense, we conclude that it was a valid defense strategy to attempt to show that the victim was a troubled child who had fabricated

the rape accusation against her father out of anger and in an attempt to garner attention. We note also that trial counsel's pretrial efforts, by which he obtained dismissal of 9 of the 11 counts of the indictment, were far from meaningless.

The expert testimony was properly admitted. Where probative, expert evidence concerning rape trauma syndrome and sexually abused child syndrome is admissible in a criminal case to aid the jury in understanding the postincident conduct of a rape victim or the dynamics of sexually abusive family relationships *(see, People v Taylor,* 75 NY2d 277; *People v Keindl,* 68 NY2d 410; *cf., Matter of Nicole V.,* 71 NY2d 112). Such evidence is probative where the victim's failure to report the crime promptly is assailed as an indication that the incident did not occur *(People v Taylor, supra; People v Keindl, supra).* Here, the victim's behavior following the attack, particularly her failure to report the rape for many months, was a central issue; therefore, it was proper for the court to receive the expert testimony to explain her behavior. We note that the psychological testimony was not offered for the improper purpose of proving that the attack occurred *(see, People v Taylor, supra,* at 291-293).

Finally, we conclude that there was no basis for disqualifying the special prosecutor on the ground that his role in the criminal proceeding conflicted with his former role as Law Guardian for the victim in the Family Court proceeding. There was no impropriety, either actual or apparent, in the lawyer's dual roles, which in each proceeding were protective of the victim and adverse to defendant. Additionally, we note that it is not unprecedented in our judicial system for an interested complainant or the complainant's private attorney to prosecute a criminal case *(see, People v Van Sickle,* 13 NY2d 61, 62 [majority opn], 64-65 [concurring opn]; *People v Vial,* 132 Misc 2d 5). (Appeal from judgment of Allegany County Court, Sprague, J.—rape, second degree.) Present— Callahan, J. P., Doerr, Denman, Green and Balio, JJ.