■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MARK WELLMAN, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence Bernstein, J., at suppression hearing, jury trial and sentence), rendered January 7, 1988, convicting defendant of eight counts of rape in the first degree and eight counts of sexual abuse in the first degree and sentencing him to an aggregate term of imprisonment of 15 to 45 years, unanimously affirmed.

Contrary to defendant's arguments, the infant victim's testimony was not implausible. Her description of the four gang rapes, in detail commensurate with her age and ability, establishes to our satisfaction that the victim was capable of giving truthful and accurate testimony. She also demonstrated ability to distinguish her attackers from persons who were merely present at the various locations. While corroborating evidence was not required to establish guilt, such evidence can be found in the record. Her grandmother testified to the discovery of the remnants of drug use, and the victim said that her mother used drugs after participating in the attacks. The People also came forward with medical evidence that established that the victim's physical condition was consistent with the physical abuse that she described.

We also find no merit to defendant's claim that the expert testimony regarding the child's sexual abuse syndrome was inadmissible under *People v Taylor* (75 NY2d 277). The reactions of a six-year-old victim of rape and sexual abuse are not within the ken of the ordinary juror and are properly the subject of expert testimony *(People v Keindl,* 68 NY2d 410, 422; *People v Cintron,* 75 NY2d 249). The evidence was not offered to show that the assaults took place, but was relevant to explain why the victim did not immediately identify defendant as one of her attackers. Moreover, in the circumstances presented, there is no danger that the probative value of the expert's testimony was outweighed by its potential for prejudice. The trial court, at the time the evidence was received and in its main charge, gave specific instructions that the jury, alone, was to determine whether the victim was credible.

The verdict sheet prepared by the court, which included brief identification of each of the numerous counts, did not summarize the evidence or comment on legal principles, was merely aid in identifying the charges, and could not have prejudiced defendant. Concur—Carro, J. P., Rosenberger, Kassal, Ellerin and Wallach, JJ.