■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN HOWARD, Also Known as KALVIN HOWARD, Appellant. —Judgment unanimously affirmed. Memorandum: Defendant was convicted of burglary in the second degree, grand larceny in the fourth degree and petit larceny. Defendant first contends that the court erred in conducting a portion of the voir dire at the Bench, in the presence of both counsel, but in his absence. That issue has not been preserved for review (see, CPL 470.05 [2]) and this is not an appropriate case to review in the interest of justice (see, CPL 470.15 [3] [c]). Defendant's claim of prejudice is unsupported in the record (see, People v Ganett, 68 AD2d 81, affd 51 NY2d 991) and it cannot be said that he was denied a fair trial (see, People v Blake, 158 AD2d 979, lv denied 75 NY2d 964; see also, People v Dunlap, 161 AD2d 1114). For essentially the same reasons, we decline to review defendant's unpreserved argument that the court's "interested witness" charge was inadequate.

There is no merit to defendant's contention that the evidence is legally insufficient to support defendant's grand larceny conviction under Penal Law § 155.30 (4). The victim testified that upon discovering the theft of her "credit card", she canceled the card, and the victim's dormitory advisor testified that she immediately notified VISA, the issuer of the card, of the theft and canceled the card. In our view, this evidence was sufficient to prove that the stolen VISA card was a "credit card" as defined in General Business Law § 511 (1) (see, People v Ames, 115 AD2d 545, lv denied 67 NY2d 759; see also, People v Davis-Ivery, 158 AD2d 959, lv denied 75 NY2d 965).

Finally, while the court improperly permitted a police officer and a security officer to testify concerning the description of the alleged perpetrator which had been given to them by the victim and her dormitory advisor, any error in this regard

was harmless. There is no significant probability that the jury would have acquitted defendant but for the improperly received testimony *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—burglary, second degree.) Present—Dillon, P. J., Doerr, Pine, Lawton and Davis, JJ.