■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN GALLOW, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of rape in the first degree, incest and endangering the welfare of a child for engaging in sexual intercourse with his 7-year-old daughter. On appeal, he contends that the evidence was legally insufficient to prove that the crimes were committed in the City of Canandaigua, as alleged in the People's bill of particulars; that the trial court erred in permitting expert testimony on the child abuse accommodation syndrome, in permitting the prosecutor to conduct the preliminary examination of the seven-year-old child victim regarding her competence to give unsworn testimony, and in conducting the examination in the presence of the jury; that defendant was denied his right to be present at material stages of the proceeding; that rejection of his application for expert witness fees deprived him of a fair trial; and that the trial court's demonstration of hostility towards defense counsel deprived defendant of a fair trial and the effective assistance of counsel.

The record fails to support defendant's claim that the court demonstrated hostility toward defense counsel during the

trial. Further, defendant raised no objection to the in-chambers conferences among the court, prosecutor and defense counsel, thereby not preserving the issue for appellate review *(see, People v Howard,* 167 AD2d 922; *People v Dunlap,* 161 AD2d 1114; *People v Blake,* 158 AD2d 979, *lv denied* 75 NY2d 964). Defendant, in moving to dismiss the indictment, raised no specific contention that the evidence was legally insufficient to prove that the crime was committed in the location set forth in the bill of particulars, and thus, this issue was not preserved for our review *(see, People v Logan,* 74 NY2d 859; *People v Colavito,* 70 NY2d 996, *affg* 126 AD2d 554; *People v Bynum,* 70 NY2d 858). Also unpreserved was defendant's contention that the preliminary examination of the child was improperly conducted in the presence of the jury, and in any event, the contention has no merit *(see, People v Parks,* 41 NY2d 36).

The trial court did not err in admitting expert testimony concerning the sexual abuse accommodation syndrome. Such testimony is admissible when the import of the victim's post-abuse conduct is beyond the ordinary understanding of the jury and the testimony is proffered to explain the victim's conduct *(see, People v Wellman,* 166 AD2d 302; *People v Karst,* 166 AD2d 920, *lv denied* 76 NY2d 987; *People v Page,* 166 AD2d 886). In the subject case, the evidence was properly admitted to explain the child's conduct in recanting her claim that her father abused her and subsequently reasserting that claim at trial.

Defendant's remaining contentions are without merit. Although it is accepted practice for the court to examine the prospective child witness without the intervention of counsel *(see, People v Byrnes,* 33 NY2d 343, 351), there is nothing to preclude the court from permitting defense counsel or the prosecution to participate in that examination *(see, supra,* at 351; *cf., People v Smith,* 104 AD2d 160). Thus, the court did not improperly exercise its discretion by permitting the prosecutor to assist in the examination of the child. A defendant seeking expert witness fees in excess of $300 pursuant to section 722-c of the County Law must demonstrate both a necessity for the proposed testimony and extraordinary circumstances warranting the allowance of such fees. The fact that the proposed testimony would be relevant to an issue in the case is not, by itself, a sufficient basis for granting the request *(see, People v Mooney,* 76 NY2d 827; *Johnson v Harris,* 682 F2d 49, *cert denied* 459 US 1041). The issue of the child victim's competency was for the court to decide, and defen-

dant failed to demonstrate the necessity of expert testimony to assist the court in resolving that issue. (Appeal from Judgment of Ontario County Court, Corning, J.—Rape, 1st Degree.) Present—Callahan, J. P., Doerr, Green, Pine and Balio, JJ.