■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

RICHARD KNUPP, Appellant

Where it is probative, expert evidence concerning rape trauma syndrome and child sexual abuse syndrome is admissible in a criminal case to aid the jury in understanding certain phenomena beyond the common ken *(see, People v Taylor,* 75 NY2d 277; *People v Keindl,* 68 NY2d 410, *rearg denied* 69 NY2d 823; *People v Gallow,* 171 AD2d 1061, *lv denied* 77 NY2d 995; *People v Karst,* 166 AD2d 920, *lv denied* 76 NY2d 987; *People v Page,* 166 AD2d 886, *lv denied* 77 NY2d 842; *People v Wellman,* 166 AD2d 302, *lv denied* 78 NY2d 958; *see also, People v Cintron,* 75 NY2d 249; *Matter of Nicole V.,* 71 NY2d 112). In assessing the probative value of such evidence, the Court of Appeals has recognized "that the reason why the testimony is offered will determine its helpfulness, its relevance and its potential for prejudice" *(People v Taylor,* 75 NY2d 277, 292, *supra).*

Here, the opinion testimony was elicited through the People's first witness. After vouching for the credibility of the children, the witness testified about the nature and various stages of intrafamilial child sexual abuse syndrome. The witness further stated that defendant's daughters, who would later testify for the prosecution, exhibited symptoms common to children suffering from intrafamilial child sexual abuse syndrome. In our view, the purpose for which the opinion testimony was offered was to set the stage for the prosecution's case. The witness testified about the symptoms associated with sexually abused child syndrome and then testified that all of defendant's children suffered from those symptoms. Obviously, the prosecution was attempting to raise the inference that, because the children exhibited those symptoms, they had been sexually abused *(see, People v Banks,* 75 NY2d 277, 284 [analogous situation involving rape trauma syndrome]). Where the expert testimony is introduced primarily to prove that a crime took place, its probative value is out-

weighed by the possibility of undue prejudice *(see, People v Taylor, supra,* at 293).

Because the testimony was not offered to explain behavior exhibited by the victims that the jury might not have understood *(cf., People v Taylor, supra* [testimony used to explain the victim's behavior following rape]; *People v Cintron, supra* [testimony used to explain reactions of child sexual abuse victims to courtroom procedures]; *People v Keindl, supra* [testimony used to rebut defendant's attempt to impair credibility of victims by evidence that they failed to make prompt complaint]), we conclude that "such testimony served to bolster the complainant[s'] credibility and interfered with the jurors' duty to assess the complainant[s'] veracity, unfettered and without undue influence by the opinion of an expert" *(People v Fogarty* [No. 42], 86 AD2d 617). The error in admitting the opinion testimony, under these circumstances, operated to deprive defendant of a fair trial and thus warrant reversal in the interest of justice *(see,* CPL 470.15 [6] [a]). Because the People's entire case turned upon the credibility of defendant's children, we conclude that the error cannot be deemed harmless.

Defendant also contends that he was denied the effective assistance of counsel because trial counsel failed to object to the opinion testimony. Inasmuch as *People v Taylor (supra)* and *People v Banks (supra)* were decided after the trial in the instant case, defense counsel should not be faulted for failing to object to that testimony. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Sodomy, 1st Degree.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.