■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER THOMAS BESANA, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the evidence, law and circumstances of this case, we find no merit to defendant's contention that he was denied effective assistance of counsel (see, People v Satterfield, 66 NY2d 796, 798-799; People v Baldi, 54 NY2d 137, 146-147). Defendant further contends that the trial court's request that he face the bench during trial violated his constitutional rights to present a defense and to be present during trial. Because defendant raised only a general objection when the court made its request, he failed to alert the trial court to his present contentions and failed to preserve those arguments for our review (see, People v Rivera, 73 NY2d 941, 942; People v Ford, 69 NY2d 775, 776).

Defendant also contends that the trial court's discharge of a sworn juror in his absence violated his constitutional right to

be present at a material stage of trial. After defendant left the courtroom at the end of the first day of jury selection, one of the jurors asked to speak to the Trial Judge. A conference was subsequently held in the presence of counsel. The juror advised the court that she was very upset because her employer had told her that he would not pay her for the time she served as a juror and had indicated that she might lose her job if she served on the jury. With the consent of the prosecutor and defense counsel, the Judge discharged the juror. In chambers the next morning, the court advised defendant of the discharge of the juror and, when asked if he objected to the discharge, defendant responded no. Given those circumstances, the issue has not been preserved for our review *(see,* CPL 470.05 [2]; *People v Dunlap,* 161 AD2d 1114; *see also, People v Velasco,* 77 NY2d 469, 472).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ.