■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MERCADO, Appellant.—Yesawich Jr., J. P. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered October 12, 1990, upon a verdict convicting defendant of the crimes of sodomy in the first degree (three counts) and endangering the welfare of a child (four counts).

In November 1989, defendant was indicted and charged with nine counts of sodomy in the first degree and five counts of endangering the welfare of a child. The charges stemmed from allegations made by defendant's stepchildren, one male and one female, that defendant had orally and anally sodomized them on several occasions. The first two counts were dismissed prior to trial, with the People's consent.

At the jury trial, the People's case rested primarily on the testimony of the two children, who were at that time 10 and 12 years old. The expert testimony of a social worker who had examined the children was also introduced, as was evidence of the "sexual climate" in defendant's home. The defense called the victims' mother, their maternal grandmother, defendant himself, and several others who testified regarding the food trailer (from which defendant sold hot dogs and hamburgers) where some of the incidents allegedly occurred.

Defendant was convicted of three counts of sodomy in the first degree and three counts of endangering the welfare of a child, involving the male child, and one count of endangering the welfare of the female child. County Court sentenced defendant to an indeterminate term of incarceration of 8⅓ to 25 years on each of the sodomy counts, and a fixed term of one year on each of the endangering counts, to run concurrently. Defendant appeals.

We do not find, as urged by defendant, that the verdict was against the weight of the evidence; nevertheless, because defendant was deprived of a fair trial by the improper admission of expert testimony, we reverse and remit for a new trial.

Expert testimony regarding rape trauma syndrome, abused child syndrome or the like may be admitted only "to explain [the victim's] behavior that might appear unusual" or that jurors might not be expected to understand *(People v Taylor,* 75 NY2d 277, 293). For example, in *People v Keindl* (68 NY2d 410) expert testimony was permitted "to rebut defendant's attempt to impair the credibility of [sexually abused children] by evidence that they had not promptly complained" of the abuse *(People v Taylor, supra,* at 288; *see, People v Bennett,* 169 AD2d 369, 374, *affd* 79 NY2d 464; *see also, People v Knupp,* 179 AD2d 1030, 1031-1032).

Here, as part of their case in chief, the People made an offer of proof which indicated that the proffered testimony of the social worker would have two purposes: to explain the victims' failure to promptly report the abuse to any authority figures, and "to show the manifestations of sexual abuse that the

youngsters exhibit". It is this latter purpose, to which most of the testimony was actually directed, which we find impermissible.* Although County Court did not allow the expert to give an opinion as to whether these particular children had been abused, she was permitted to testify about general behavioral characteristics and symptoms manifested by children who have suffered sexual abuse. Most notably, she was asked whether several symptoms exhibited by the male complainant, asking about AIDS and hitting himself against a wall, were "consistent" with those displayed by victims of such abuse, and she answered affirmatively. She also testified about behavior that she had observed while evaluating the children, namely their replacement of the clothes on the anatomically correct dolls used, and the further fact that the female victim "hit the adult doll in the head as she was leaving the evaluation room"; the expert stated this conduct, too, was consistent with how abuse victims comport themselves.

This testimony went beyond merely serving to explain what would otherwise be viewed by the jury as evidence tending to exculpate the person charged, such as a failure to timely report either the abuse or the name of the family member who was the abuser, and constitutes an impermissible comparison of the complainants' behavior with that commonly associated with victims of these crimes (see, People v Taylor, supra, at 284). Because defendant's conviction rests essentially on the credibility of the children, this error cannot be said to have been harmless (see, People v Knupp, supra, at 1032).

Inasmuch as a new trial is to be held, we have considered the remaining contentions raised by defendant, despite the fact that the issues were not properly preserved for review. In doing so, we agree with defendant that evidence bearing on the "sexual climate" of the household was improperly admitted, as it did not tend to prove any material element of the crimes charged, but was introduced simply to demonstrate defendant's predisposition to commit those offenses (see, People v Lewis, 69 NY2d 321, 325).

Evidence of nudity in the household, defendant's possession of pornographic pictures and video tapes, and the family's one trip to a nudist camp was neither necessary to demonstrate the relationship between the parties nor to complete a sequence of events. These facts, like defendant's expulsion from military school many years earlier because of an allegedly

---

* To the extent that the expert testimony was directed to the issue of timely reporting, it was properly admitted.

homosexual encounter, were aimed at convincing the jury (and may well have done so) that defendant had a propensity for child abuse. The enormous prejudice generated by this sort of testimony outweighs any slight probative value that it may have (see, People v Viloria, 160 AD2d 499; People v Moore, 156 AD2d 394).

Lastly, we note that although it does not furnish a basis for reversal in this case, the People's questioning respecting the victims' ardent devotion to their religious beliefs (they are Jehovah's Witnesses) to enhance and bolster their testimony is inappropriate and should not be repeated (see, Richardson, Evidence § 387 [Prince 10th ed]).

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Washington County for a new trial.