■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ROSOVICH, JR., Appellant. [619 NYS2d 85] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered November 22, 1993, convicting

him of sodomy in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

The defendant's contention that the testimony of the People's expert witness was improper because it bolstered the testimony of the complainant is not preserved for appellate review (see, People v Udzinski, 146 AD2d 245). In any event, the contention is without merit. The expert's testimony was primarily concerned with matters relating to child abuse syndrome. This evidence tended to explain the victim's behavior which may have appeared unusual and which the jurors may not have been expected to understand (cf., People v Mercado, 188 AD2d 941).

Turning now to the defendant's contention that the court erred in limiting the defendant's cross-examination of the infant and her mother by sustaining objections to questions concerning the infant's discipline and school problems, contrary to the People's contention, this contention is preserved for appellate review.

The extent of cross-examination of a witness upon collateral matters is in the discretion of the trial court, and its rulings should not be disturbed absent a showing of an improvident exercise of discretion (see, La Beau v People, 34 NY 223). However, under the facts and circumstances of this case, cross-examination of the witnesses concerning the infant's discipline problems, which tended to prove a motive in accusing the defendant of sodomy, was not collateral to the issues. In addition, cross-examination regarding the infant's prior untrue statements made to her mother concerning her school and after school activities, should not have been limited because it was permissible to impeach the infant's credibility.

Under the circumstances of this case, we find that the defendant was denied his Sixth Amendment right to fully and fairly cross-examine the witnesses against him on the issues of the infant's discipline and school problems only. All other objections on cross-examination were properly sustained.

We have reviewed the defendant's remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.