■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TYSON, Appellant. [618 NYS2d 796] —Appeal from judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 29, 1992, convicting defendant, after a jury trial, of rape in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 to 20 years, unanimously held in abeyance, application for the expenditure requested by defendant to retain an independent court-ap-

pointed spectrographic expert to conduct voice identification analysis granted, and the matter remanded for a preliminary hearing to determine the admissibility of voice spectrographic evidence in the event the spectrographic expert reaches an exculpatory result.

It was an abuse of discretion to deny defendant's request for a reasonable expenditure to test whether a voice on a tape offered in evidence, in which defendant allegedly admitted the crime, was in fact defendant's (see, Johnson v Harris, 682 F2d 49, 50-51, cert denied 459 US 1041). Defendant established extraordinary circumstances justifying compensation for the test (County Law § 722-c; see, People v Gallow, 171 AD2d 1061, 1062, lv denied 77 NY2d 995), the results of which could have severely damaged the victim's credibility (compare, People v Williams, 160 AD2d 754, affd 77 NY2d 949). A preliminary hearing must then be held to determine the scientific reliability of the test should the expert conclude that the voice on the tape was not defendant's (see, People v Jeter, 80 NY2d 818, 821). Of course, the expert must, in the first instance supervise the creation of the defendant's voice exemplar. Concur—Murphy, P. J., Carro, Ellerin, Wallach and Kupferman, JJ.