(May 30, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TYSON, Appellant. [643 NYS2d 537] —Judgment of the Supreme Court, Bronx County (Ira Globerman, J., at trial, sentence and a post-trial hearing), rendered July 29, 1992, convicting defendant, after a jury trial, of rape in the first degree (Penal Law § 130.35), and sentencing him to an indeterminate term of imprisonment of 10 to 20 years, unanimously affirmed.

At trial, a telephone answering tape was admitted into evidence, allegedly as a conversation between the complainant and the defendant. The defendant contended that it was not his voice on the tape and requested that it be tested. The court denied the application, and on appeal, this Court held the appeal in abeyance and remanded for a spectrograph voice identification hearing (209 AD2d 354).

The tape was analyzed by an expert procured by the defendant. The expert reported that the voice on the tape was that of defendant, but that the speech patterns offer a defense that defendant was not confessing to the crime. The defendant, having testified at the trial that it was not his voice on the tape, contends that since it is his voice, and that if he had known the expert's opinion regarding speech patterns at the time of trial, he would have fashioned his defense differently and, therefore, that he was ineffectively represented at trial. In effect, the defendant is requesting a new trial, which would give him a chance to test a new defense in which he will not testify but will admit that it was his voice on the tape and argue he was not confessing to the rape. The jury has heard and already assessed the meaning of the taped conversation. We find this argument and the other arguments presented by the defendant meritless. Concur—Murphy, P. J., Ellerin, Wallach and Kupferman, JJ.