■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY ANNE VOORHEES, Also Known as LEATHER, Appellant. [770 NYS2d 529]—

Appeal from a judgment of Oneida County Court (Donalty, J.), entered July 28, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her after a jury trial of felony murder (Penal Law § 125.25 [3]) and robbery in the second degree (§ 160.10 [1]) in connection with the death of a 73-year-old man. We previously affirmed the judgment convicting her codefendant of, inter alia, two counts of murder in the second degree (§ 125.25 [2], [3]) after a joint trial before separate juries (*People v Carter,* 2 AD3d 1028 [2003]). For the same reasons as those set forth in our decision on the appeal of the codefendant, we conclude that the evidence is legally sufficient to support the conviction and that the evidence sufficiently corroborates defendant's inculpatory statements (*see id.*).

Defendant contends that County Court erred in incorporating findings from a *Huntley* hearing on an earlier superseded indictment in its decision following the *Huntley* hearing on the instant indictment. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). By failing to object to the admission of a statement made by defendant to a polygraph examiner prior to the administration of a polygraph test, defendant also failed to preserve for our review her contention that her statement was involuntary. In any event, that contention lacks merit. Prior to administering the test, the polygraph examiner falsely informed defendant that, while she was incarcerated on unrelated charges, the police took her sneakers and matched them to prints at the scene of the crime. Defendant then said, "[y]ou've got me," and she provided details of the crime to the polygraph examiner. Although the use of a polygraph examination is a factor in determining whether a statement is voluntary, we conclude that here there was no fundamental unfairness in connection with the deception used by the polygraph examiner, and thus defendant's statement was not rendered involuntary by the deception (*see People v Scott,* 212 AD2d 1047 [1995], *affd* 86 NY2d 864 [1995]; *People v Sobchik,* 228 AD2d 800, 802 [1996]).

We further conclude that the court did not abuse its discretion in admitting in evidence two photographs of the partially

decomposed body of the victim inasmuch as any prejudice to defendant was outweighed by the relevance of the photographs to material issues in the case (*see People v Koberstein,* 262 AD2d 1032, 1033 [1999], *lv denied* 94 NY2d 798 [1999]; *see generally People v Stevens,* 76 NY2d 833, 835 [1990]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Lawton, JJ.