# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**688**

**KA 13-00748**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                     MEMORANDUM AND ORDER

DONALD J. ENGLERT, II, DEFENDANT-APPELLANT.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Dennis M. Kehoe, A.J.), rendered April 9, 2013. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). We reject defendant's contention that County Court erred in permitting the People to introduce evidence of his sexual practices and/or proclivities with his former girlfriend. Inasmuch as such evidence was not related to any prior crime or misconduct, we conclude that it did not constitute *Molineux* evidence (*see People v Cortez*, 22 NY3d 1061, 1076-1080 [Abdus-Salaam, J., concurring], *cert denied* ___ US ___, 135 S Ct 146).

Contrary to defendant's contention, the court did not abuse its discretion in permitting the People to elicit testimony from the investigating police officer concerning his training and background in child sexual abuse investigations as well as testimony that provided a general overview of such investigations (*see People v Kozlowski*, 11 NY3d 223, 238, *rearg denied* 11 NY3d 904, *cert denied* 556 US 1282). Moreover, inasmuch as the officer's testimony did not contain any statement of the victim, it could not be considered bolstering (*see People v Ludwig*, 24 NY3d 221, 230-232). Defendant failed to preserve for our review his contention that the court erred in permitting the testimony of an expert with respect to child sexual abuse accommodation syndrome (CSAAS) (*see generally People v Goupil*, 104 AD3d 1215, 1216, *lv denied* 21 NY3d 943), and, in any event, that contention is without merit (*see People v Williams*, 20 NY3d 579, 583-

584; *People v Spicola*, 16 NY3d 441, 465, *cert denied* ___ US ___, 132 S Ct 400; *People v Black*, 124 AD3d 1365, 1366-1367). We likewise reject defendant's contention that the testimony of the nurse-practitioner "improperly bolstered the perceived credibility" of the victim. The testimony was well within the type of expert testimony that is accepted by the courts in New York (*see Spicola*, 16 NY3d at 465), and did not constitute bolstering (*see Ludwig*, 24 NY3d at 230-232).

Contrary to the further contention of defendant, "[t]he failure of defense counsel to obtain the testimony of an expert does not constitute ineffective assistance of counsel because defendant has not shown that 'such testimony was available, that it would have assisted the jury in its determination or that [defendant] was prejudiced by its absence' " (*People v Brandi E.*, 38 AD3d 1218, 1219, *lv denied* 9 NY3d 863; *see People v Aikey*, 94 AD3d 1485, 1487, *lv denied* 19 NY3d 956). Insofar as defendant contends that defense counsel was ineffective in failing to object to the testimony of the People's CSAAS expert, we note that the law is well settled that such testimony is permitted (*see Spicola*, 16 NY3d at 465; *see also People v Karst*, 166 AD2d 920, 921, *lv denied* 76 NY2d 987), and defense counsel thus had no legitimate basis to object (*see People v Wallace*, 60 AD3d 1268, 1270-1271, *lv denied* 12 NY3d 922).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  July 10, 2015                          Frances E. Cafarell
                                                 Clerk of the Court