# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

316

KA 12-01923

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TINA M. SWITKOWSKI, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered June 20, 2012. The judgment convicted defendant, upon a jury verdict, of reckless assault of a child and reckless assault of a child by a child day care provider.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting her upon a jury verdict of reckless assault of a child (Penal Law § 120.02 [1]) and reckless assault of a child by a child day care provider (§ 120.01), defendant contends that Supreme Court erred in failing to review recordings that were received in evidence at the *Huntley* hearing. Defendant failed to preserve that contention for our review, however, inasmuch as defense counsel did not object after the court informed defense counsel that it would "not need to hear that audio" because the only legal issue being presented to the court was whether defendant's statements were voluntary (*see* CPL 470.05 [2]; *see also People v Voorhees*, 2 AD3d 1447, 1448, *lv denied* 3 NY3d 663). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Voorhees*, 2 AD3d at 1448).

Defendant further contends that the court erred in allowing testimony at trial from two paramedics concerning prior, unrelated 911 calls. Although defendant objected to the testimony from one of the paramedics, she did not object to the testimony of the other paramedic and thus did not preserve her challenge to that paramedic's testimony for our review (*see* CPL 470.05 [2]). We nevertheless exercise our power to review the contention with respect to the other paramedic as a matter of discretion in the interest of justice because defendant raises the same challenges for each paramedic's testimony (*see* CPL

470.15 [6] [a]).

The challenged testimony relates to evidence that the paramedics had received other 911 calls from other callers involving similar complaints to the one made by defendant, i.e., concerning a "child choking on milk." In responding to those calls, the paramedics observed that the children were usually "fine" because milk "[was] a liquid. [The children were] going to cough on it . . . [and] breath[e] a little faster." Those other children were "almost always not in a respiratory arrest-type state." The child in this case, however, was lying, unmoving, on the floor, was hypoxic and had bruising on the right temple. The paramedics had not seen a child who was choking on milk exhibiting the symptoms that they observed with regard to the subject child. We conclude that such testimony was properly admitted because fact witnesses, such as the paramedics, may be permitted to provide the jury with general background information concerning their experience regarding a particular subject matter (*see People v Englert*, 130 AD3d 1532, 1533, *lv denied* 26 NY3d 967; *People v Works*, 177 AD2d 978, 978-979).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court