■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN H. BELL, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Saratoga County (Doran, J.), rendered July 6, 1984, convicting defendant following a non-jury trial of the crimes of rape in the first degree (two counts), sodomy in the first degree (two counts) and incest (two counts).

A complaint by Stacy R., the out-of-wedlock 13-year-old daughter of defendant and Anne R., that defendant had forcibly raped and sodomized her on numerous occasions resulted in a 14-count indictment. Following a nonjury trial, defendant was found guilty of having committed rape, sodomy and incest on November 15, 1982 and May 20, 1983. On the remaining counts of the indictment charging defendant with commission of essentially the same type of sexual offenses on three other days, defendant was found not guilty.

At trial, Stacy testified that on November 15, 1982 and May 20, 1983, her father entered her bedroom at approximately 11:00 P.M.—after both she and her mother had fallen asleep—and forced the child to have vaginal and anal intercourse; each time, defendant held Stacy's mouth shut to prevent her from screaming out, either from the pain of anal intercourse or to wake her mother. To prevent revelation of the abuse, defendant, a six-foot two-inch, 225-pound man, threatened to kill Stacy and whoever she might tell.

The mother first suspected incest in November of 1982 when she found a large blood stain on a sofabed. She also recounted that defendant punished Stacy by stripping her naked and beating her, that defendant often fondled Stacy's breasts after cajoling her into laying with him on the sofa, and that many times defendant showered or bathed with Stacy. A genital examination of the child by a physician disclosed a condition consistent with marital introitus, which results from repeated sexual intercourse over a prolonged period of time.

Defendant challenges the sufficiency of the evidence, the competence of his counsel and the severity of the sentence imposed, a term of 7 to 21 years' imprisonment. We affirm.

With respect to the last two contentions, it is enough to note only that the defense rendered was vigorous and effective and the sentence is not inappropriate for one who commits the odious offenses of repeatedly raping and sodomizing his infant daughter. Nor does the proof, viewed in a light most favorable to the People (see, People v Lewis, 64 NY2d 1111, 1112), permit of any reasonable conclusion other than guilt of the crimes of which he was convicted. That the People's evidence failed to establish all of the charges does not, as defendant urges, render the trial court's decision imprudent.

Equally unpersuasive is the claim that there was insufficient corroboration of the rape and sodomy upon which the incest charges necessarily rest. The underlying sex offenses were predicated on forcible compulsion, hence proof corrobo-

rating the child's testimony was not essential *(see, People v Fuller,* 50 NY2d 628, 635-637; Donnino, 1984 Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 39, 1986 Supp Pamph, Penal Law § 130.16, p 477). Neither was corroboration required for the incest charges *(see, People v Vernum,* 28 AD2d 946). Parenthetically, however, corroborative evidence does indeed exist.

We have examined the points advanced in defendant's several *pro se* briefs and find them also lacking in merit.

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.