■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN WATERMAN, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered February 8, 1989, convicting defendant after a jury trial of burglary in the second degree and petit larceny, and sentencing him to concurrent terms of imprisonment of 4 to 8 years and 1 year,

respectively, and order of the same court entered April 16, 1990, denying defendant's CPL article 440 motion to vacate the judgment, unanimously affirmed.

Defendant was discovered in a hospital patient's room, looking through a closet. After a struggle with the patient, defendant was chased around the hospital and ultimately captured. After receiving the *Miranda* warnings, defendant admitted taking a pair of pants, but denied that a struggle had occurred. Defendant testified that when he had lost his way while looking for the psychiatric ward, had decided to sit in a chair, and as he moved the pants that were lying across the chair, a woman started screaming. Defendant said he fled in panic.

The trial court conducted a proper investigation before discharging a juror, whose worsening cold symptoms prompted her to go home during the Friday luncheon recess. (CPL 270.35; *People v Page,* 72 NY2d 69.) The court's personal observations established that the juror was quite ill, and inquiry by the court and defendant's attorney established that it could not be ascertained when she expected to be fit for duty. *(Compare, People v Watkins,* 157 AD2d 301.)

The showup identification of defendant by a member of the hospital staff was properly admitted into evidence. *(People v Duuvon,* 160 AD2d 653, *affd* 77 NY2d 541.) The showup was conducted within a short time of the incident when the witness's recollection was fresh.

There is no basis to find that the trial court's warning to the jury to avoid reports concerning a sensational criminal case, which involved the murder of a doctor at a different hospital, was inimical to defendant's rights. Defendant's counsel in fact requested the court to issue such an instruction, and he did not later voice any objection to what the court said to the jury.

The testimony as to out-of-court declarations by others showing why various witnesses joined the search and pursuit of defendant did not prejudice defendant's right to a fair trial. *(People v Casanova,* 160 AD2d 394, *lv denied* 76 NY2d 786.) Defendant's claim that he was denied his right to testify before the grand jury is unpreserved (CPL 190.50 [5] [a]), and there is no basis to disturb the trial court's dismissal of defendant's attack on the effectiveness of trial counsel. Defendant's sentence is neither unduly harsh nor based on unproven charges. (CPL 390.30 [1]; 400.10 [2]; *Williams v New York,* 337 US 241, *reh denied* 338 US 841.) Concur—Sullivan, J. P., Carro, Rosenberger, Asch and Kassal, JJ.