■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MATOS, Appellant.—Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered March 13, 1990, convicting defendant after a jury trial of murder in the second degree, attempted murder in the second degree and assault in the second degree, and which sentenced him to a prison term of 25 years to life, and to concurrent terms of 12-½ to 25 years and 3-½ to 7 years imprisonment, respectively, the latter two terms to run consecutive to the first, unanimously affirmed.

Defendant was arrested in connection with the stabbing death of one man and the stabbing injury of another man near Washington Square Park. The defendant was identified as the assailant in separate police lineups within days of the incident by the surviving victim and an eyewitness, both of whom had indicated to the police that the attack came about as a result of a disagreement with respect to a narcotic sale.

A review of the record demonstrates that defendant was provided with meaningful representation by his trial counsel *(see, People v Baldi,* 54 NY2d 137, 147). Even assuming arguendo that counsel should have moved to suppress the knife, in light of the eyewitness testimony there is no reason to believe that the outcome of the trial would have been different if such motion had been granted *(see, People v Almestica,* 42 NY2d 222, 226). There is no merit to defendant's claim that one of the jurors should have been discharged. Although not preserved for review, the record demonstrates that the juror referred to had merely suffered a temporary fainting spell as a result of the heat in the courtroom and had recovered. Accordingly, there was no reason to disqualify the juror under CPL 270.35.

The testimony indicated that defendant, provoked only by a disagreement over terms of the drug sale, went into a rage, threatened the victims and proceeded to stab them. Inasmuch as there was no indication that either victim was about to use deadly force against defendant, a justification charge was not appropriate *(see, People v Fason,* 135 AD2d 983, *lv denied* 72 NY2d 858). We find no error in the admission of the lineup identifications of defendant. The People met their burden of showing that the pretrial identification procedures were fair *(see, People v Stephens,* 143 AD2d 692, 695). Nor do we find the sentence imposed to be excessive. Defendant stabbed one man to death and wounded another without any provocation other than that the parties were in disagreement over the quality and price of drugs. Concur—Ellerin, J. P., Kupferman, Asch and Kassal, JJ.