■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE D. CHARLTON, Appellant. [596 NYS2d 210] —Yesawich Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 27, 1992, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

As a result of a complaint regarding sexual abuse of a young girl (hereinafter the victim), defendant was asked to submit to questioning by the Sheriff's Department. Responding to this request, on May 3, 1990 defendant and his wife went to the Sheriff's station, where defendant was read his *Miranda* rights and interrogated. Defendant orally admitted committing the crime and an inculpatory written statement was then prepared for him to sign. Because he is illiterate, the statement was read back to him for corrections or changes; none were made and defendant signed the statement as prepared.

In due course, defendant was indicted for sexual abuse in the first degree and tried. At trial, the People presented the testimony of the victim, her parents, several police officers involved in the investigation, the victim's first-grade teacher and a doctor who had examined the child. For the defense,

defendant's wife testified as to her recollection of the victim's visits to her home and the events which transpired at the Sheriff's station, and defendant categorically denied any wrongdoing. He also testified as to the circumstances that prevailed when he signed the written statement. Convicted of the crime charged, defendant was sentenced to an indeterminate term of incarceration of 1⅔ to 6 years. Defendant appeals.

Initially, we reject defendant's argument that County Court erred in permitting the victim, who was 10 years old at the time of the trial, to give sworn testimony. The court conducted an extensive and appropriate voir dire of the child (see, People v Morales, 80 NY2d 450, 452); it is apparent from this exchange that she was aware of the difference between truth and falsity, and that she appreciated the necessity of telling the truth when sworn and the possibility of punishment for not doing so. This is sufficient to justify the court's determination that she knew, understood and appreciated the nature of an oath (see, CPL 60.20 [2]; People v Nisoff, 36 NY2d 560, 566; People v King, 187 AD2d 612, 613; People v Diaz, 172 AD2d 389, lv denied 78 NY2d 1075). Furthermore, the victim's trial testimony demonstrated that she was concerned with its truthfulness; she corrected herself several times and did not hesitate to say that she did not know or did not remember when that was the case. This bolsters the conclusion that County Court did not abuse its discretion in allowing her to be sworn (see, People v Sinatra, 134 AD2d 738, 739-740, lv denied 70 NY2d 1011).

Inasmuch as the victim's testimony was properly received by County Court, there is no merit to defendant's claim that his conviction is not supported by legally sufficient evidence or that it is against the weight of the evidence adduced at trial. Even without considering defendant's inculpatory statement, the testimony given by the victim, her parents and the doctor is sufficient to establish that defendant placed his finger into the victim's vagina twice and lay on top of her moving around; these activities, when perpetrated against a child under the age of 11, constitute sexual abuse in the first degree. Viewing the proof in its entirety, we are persuaded that the jury gave the evidence the weight it should be accorded (see, People v Bleakley, 69 NY2d 490, 495).

Defendant next argues that his illiteracy and low intelligence rendered him incompetent to stand trial and that, at the very least, County Court should have been cognizant of this possibility and, sua sponte, ordered a competency hearing

*(see, People v Armlin,* 37 NY2d 167, 171; *People v Jones,* 143 AD2d 465, 466). Objectively considered, the record does not reveal anything occurring before County Court at any stage of the proceedings which would have raised a bona fide doubt as to defendant's ability to understand the proceedings, appreciate their significance or assist in the preparation of his defense *(see, People v Clickner,* 128 AD2d 917, 918-919, *lv denied* 70 NY2d 644). At his arraignment, defendant, though seeming slow to comprehend, followed the proceedings and indicated that he did understand the nature of the charges and the consequences of his actions. At trial, defendant clearly understood the nature of the charges, as he stated, "I would never tamper with a girl, no. Not the little ones, no." The presentence report described defendant as "quite articulate", and at sentencing he obviously knew that he had been convicted, for he stated that he intended to appeal and gave as a reason that he believed the proceedings had not been "run right". These are not the statements of a person unaware of what is occurring, or that one course of action may benefit him more than another *(see, People v Morton,* 173 AD2d 1081, 1083, *lv denied* 78 NY2d 1129). Finally, there being no record evidence that defendant has been under psychiatric care or treatment, County Court cannot be faulted for its decision not to treat defendant's representation that some nine years earlier he had been arrested, but assertedly was then adjudged incompetent to stand trial, as being dispositive of his competency *(cf., People v Jones,* 134 AD2d 701, 702, *lv denied* 71 NY2d 969).

Neither do we disagree with County Court's decision to bar testimony about the victim's prior abuse by another man. Although testimony regarding prior sexual conduct of a victim is generally prohibited (CPL 60.42), defendant maintains that its receipt is necessary to establish his defense, which rests on the theory that the victim confused the two incidents. County Court, after holding two hearings to determine whether the evidence should be allowed *(see,* CPL 60.42 [5]), decided not to accept it. Not being persuaded that the testimony sought to be presented would "cast[ ] substantial doubt on the validity of the charges made by the victim in this instance" *(People v Mandel,* 48 NY2d 952, 953, *cert denied* 446 US 949; *see, People v Passenger,* 175 AD2d 944, 946), we find no reason to disturb the court's finding.

Defendant maintains that he was denied effective assistance of counsel because his attorney failed to move for either a competency hearing or to have his statement suppressed as

involuntarily made. While these arguably are serious omissions, neither of them prevented the mounting of a viable defense (see, *People v Aiken,* 45 NY2d 394, 398); furthermore, defendant cannot demonstrate actual prejudice resulting therefrom (see, *Strickland v Washington,* 466 US 668, 691-693; *People v Sullivan,* 153 AD2d 223, 229, *lv denied* 75 NY2d 925). Notably, defendant's conduct throughout was such that it is extremely unlikely that County Court would have found him incompetent to stand trial, and as for defendant's confession, it suffices that the jury found that it was voluntary beyond a reasonable doubt. Moreover, the record discloses that defense counsel vigorously cross-examined the People's witnesses and successfully opposed a number of the People's motions, which if granted would have been harmful to defendant's cause. In sum, viewing the record in its entirety, the deficiencies in performance on counsel's part are not of such magnitude as to warrant concluding that defendant received less than meaningful representation.

Finally, we do not find the sentence to be harsh or excessive, even in view of defendant's intellectual limitations.

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of St. Lawrence County for further proceedings pursuant to CPL 460.50 (5).