■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LEON, Appellant. [619 NYS2d 3] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered March 13, 1990, convicting defendant, after jury trial, of two counts of sodomy in the first degree, three counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child, and sentencing him to concurrent terms of 3 to 9 years on the sodomy convictions, 2 to 6 years on the sexual abuse convictions, and 1 year on the endangerment convictions, unanimously affirmed.

Over the course of several months, the infant victim was sexually assaulted by her grandmother's husband, with whom

she lived. The child's testimony established that the assaults occurred during the winter of 1987, and the spring of 1988. The victim's estranged parents noticed changes in her behavior toward the end of 1987. Psychological evidence established that this behavior was consistent with the child sexual abuse syndrome. Medical evidence established that the victim's hymen had been torn by an object larger than a child's finger. During June of 1988, while watching a television show which addressed incest, the child complained to her mother that the defendant had done to her that which was occurring on the show. This testimony was adduced through the mother on the basis of the prompt outcry exception to the hearsay doctrine. Considering the age of the child, the fear which defendant had instilled in her if she informed on him, her shame, and, especially, her vulnerability, which was underscored when her grandmother testified on defendant's behalf, we find no basis to doubt the essential reliability of the outcry. While the timing of the outcry was insufficiently prompt for this evidence to have been admitted on this theory *(People v McDaniel,* 81 NY2d 10), we find that the error was harmless *(People v Rice,* 75 NY2d 929, 932). Defendant failed to preserve any constitutional challenges to this evidence *(People v Iannelli,* 69 NY2d 684, *cert denied* 482 US 914), and we decline to review those claims in the interest of justice.

We find no basis to disturb the trial court's conclusion that one of the jurors, a methadone user, had been capable of deliberating before and after being transported to the hospital for purposes of receiving methadone *(compare, People v Matos,* 183 AD2d 506, *lv denied* 80 NY2d 896, *with People v Waterman,* 174 AD2d 428, *lv denied* 78 NY2d 976). After the court's careful inquiry, it could rely on the juror's promise that he would alert the court if he developed any problem during deliberations *(see, People v Keels,* 166 AD2d 883, *lv denied* 76 NY2d 1022; *People v Bell,* 173 AD2d 218, *lv denied* 78 NY2d 962). Inasmuch as counsel never alleged, during his mistrial motion, that the juror had gone to and from the hospital unsupervised by court officers or other appropriate court personnel *(People v Fernandez,* 81 NY2d 1023), we find no basis to conclude that there was any violation of CPL 310.10. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ.