■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SHAY, Appellant. [620 NYS2d 189] —White, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered June 18, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sodomy in the first degree (two counts), sexual abuse in the first degree and endangering the welfare of a child.

Among the arguments defendant is raising on this appeal stemming from his conviction of various sex-related offenses involving the then seven-year-old victim is that County Court improperly admitted expert testimony regarding child sexual abuse syndrome.

Because this syndrome is a recognized diagnosis (*see, Matter of Nicole V.,* 71 NY2d 112, 120-121), the admission of expert testimony to explain behavior that might appear unusual to a

lay juror and not within their common understanding is proper *(see, People v Taylor,* 75 NY2d 277, 292; *People v Naranjo,* 194 AD2d 747, *lv denied* 82 NY2d 900). It is improper, however, for such evidence to be admitted solely to show that the alleged victim's behavior was consistent with patterns of response exhibited by victims of proven sexual abuse *(see, People v Singh,* 186 AD2d 285). The rationale for this rule is that the admission of such testimony would be unduly prejudicial since, although the presence of behavioral symptoms does not necessarily indicate that an act of sexual abuse took place, the clear implication of such testimony is that it was more likely than not that the child had been sexually abused *(see, People v Taylor, supra,* at 284, 293).

County Court permitted the People's expert witness, Carol Madden, to testify regarding behavioral changes exhibited by the victim that were associated with sexual abuse in children. County Court also allowed another expert witness to testify about general behavioral aftereffects exhibited by victims of sexual abuse that are indicative of victimization. In our view County Court erred in permitting this testimony because it went beyond explaining specific behavior that might be unusual or beyond the ken of a jury but rather had the effect of tending to prove that the crimes took place *(see, People v Mercado,* 188 AD2d 941). The trial was further tainted by the testimony of several witnesses relating prior consistent statements of the victim which improperly bolstered her testimony *(see, People v McDaniel,* 81 NY2d 10, 16).

We cannot term these errors harmless since defendant's conviction rests on the victim's testimony, which was oftentimes vague. Accordingly, we reverse defendant's conviction and remit the matter for a new trial.

This disposition makes it unnecessary to reach the other issues raised by defendant except to note that the indictment is not duplicitous and is sufficiently specific as to the times the alleged crimes took place *(see, People v Keindl,* 68 NY2d 410; *People v Charles,* 61 NY2d 321, 327-328; *People v Gutkaiss,* 206 AD2d 584).

Cardona, P. J., Mercure and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for a new trial.