THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. ROGOWSKI, Appellant. [644 NYS2d 334] —Peters, J.

Defendant was indicted on two counts of rape in the first degree and one count of endangering the welfare of a child stemming from an alleged rape of his 8½-year-old niece. Following a jury trial, he was convicted on all counts and sentenced to separate terms of imprisonment of 8⅓ to 25 years for each count of rape and one year for endangering the welfare of a child, all to run concurrently.

Defendant contends on appeal that his conviction of rape in the first degree must be reversed since the evidence presented was legally insufficient and, as to each count, that the verdict was against the weight of the evidence. Upon our review here-

under, which included the perusal of the testimony of the victim, her counselor, her grandmother, defendant's spouse, and Fe Mondragon and Richard Hamill, a medical doctor and a psychologist, respectively, and viewing the evidence in a light most favorable to the prosecution, we must conclude that there was legally sufficient evidence presented to establish defendant's guilt on all counts beyond a reasonable doubt (*see, People v Thompson*, 72 NY2d 410; *People v Allah*, 71 NY2d 830; *People v Contes*, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are further satisfied that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490; *People v Carthrens*, 171 AD2d 387).

As to defendant's challenge to his conviction of rape in the first degree based upon allegations of insufficient corroboration of the testimony of his 8$^1$/$_2$-year-old victim, we note that the offense charged does not fall within the parameters of Penal Law § 130.16 as defendant contends. Hence, "in the absence of any statutory requirement for corroboration * * * the sworn testimony of a child complainant under the age of 12 need not be corroborated in a prosecution for her forcible rape" (*People v Fuller*, 50 NY2d 628, 631; *see, People v Bell*, 116 AD2d 847, 848-849). While corroboration of a minor's testimony may be necessary if the child is unable to understand the nature of an oath (*see*, CPL 60.20 [3]), County Court, after an extensive voir dire, determined that the victim understood the nature of the oath and that she was competent to give sworn testimony (*see, People v Morales*, 80 NY2d 450, 452; *People v Fuller, supra*, at 631; *People v Charlton*, 192 AD2d 757, 758, *lv denied* 81 NY2d 1071).

Addressing next defendant's contention that County Court improperly precluded cross-examination of the victim regarding an incident of sexual abuse propounded upon her by her biological father in 1988, we find no error. County Court appropriately limited cross-examination on this issue to the medical evidence presented supporting the current charges of rape. Defendant's contention that the victim was confused between the abuse she suffered at the hands of her father and that which she contended occurred at the hands of her uncle is unavailing. Testimony revealed that she specifically described the separate incidents to both the medical doctor and her counsellor. Accordingly, we find that the court properly limited the scope of cross-examination (*see*, CPL 60.42 [5]; *see also, People v Mandel*, 48 NY2d 952, 954, *cert denied* 446 US 949; *People v Sprague*, 200 AD2d 867, 868, *lv denied* 83 NY2d 877; *People v Gagnon*, 150 AD2d 918, 919, *affd* 75 NY2d 736).

Crew III, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.