■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. ARCHER, Appellant. [649 NYS2d 204] —White, J. Appeal from a judgment of the County Court of Essex County (Jung, J.), rendered September 5, 1995, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts) and endangering the welfare of a child (two counts).

Defendant's initial argument on this appeal is that the jury's verdict finding him guilty of two counts of the crime of sexual abuse in the first degree is not supported by legally sufficient evidence in that there is no proof of forcible compulsion.* As relevant here,

" 'Forcible compulsion' means to compel by either:

"* * * use of physical force; or

---

* Penal Law § 130.65 (1) provides in pertinent part that

"[a] person is guilty of sexual abuse in the first degree when he subjects another person to sexual contact:

"* * * [b]y forcible compulsion".

"* * * a threat, express or implied, which places a person in fear of immediate death or physical injury to * * * herself or another person" (Penal Law § 130.00 [8] [a], [b]).

Here, the 13-year-old victim testified that prior to the commission of the crimes, defendant, a 31-year-old live-in companion of the victim's aunt, told her that he wanted to rape her and have a baby with her. She further testified that defendant threatened to kill her whole family if she revealed his feelings about her to anyone. The victim indicated that she believed these threats and, for that reason, did not immediately report the crimes. Viewing this evidence in a light most favorable to the People, we find, given the victim's young age and defendant's dominance over her by reason of his age and relationship with her aunt, the jury could have reasonably inferred that defendant accomplished the sexual contact through the use of threats that placed the victim in fear of immediate death or physical injury to herself or members of her family (see, People v Thompson, 72 NY2d 410, 416; People v Miller, 226 AD2d 833, 836, lv denied 88 NY2d 939). Accordingly, we find that the evidence was legally sufficient to support defendant's conviction of the crime of sexual abuse in the first degree (see, People v Contes, 60 NY2d 620, 621).

Defendant next argues that the verdict is tainted by several erroneous evidentiary rulings. He maintains that he was prejudiced by the admission of evidence regarding prior bad acts of a sexual nature that he purportedly perpetrated upon the victim. Generally, such evidence may not be offered to show a defendant's bad character or his or her propensity toward crime but may be admitted if the acts help establish some element of the crime under consideration (see, People v Lewis, 69 NY2d 321, 325). This exception was applicable here since the challenged testimony was admitted to establish that defendant engaged in a course of conduct that was likely to be injurious to the physical or moral welfare of the victim, an essential element of the crime of endangering the welfare of a child that was charged in two counts of the indictment (see, People v Keindl, 68 NY2d 410, 421; People v Grotto, 223 AD2d 758, lv denied 87 NY2d 1020).

As part of their direct case, the People produced a psychotherapist who presented testimony pertaining to child sex abuse syndrome. We have held such testimony admissible provided it is limited to explaining behavior that might appear unusual to a lay juror and is not used to show that the alleged victim's behavior was consistent with patterns of behavior exhibited by victims of proven sexual abuse (see, People v Shay,

210 AD2d 735, 736, *lv denied* 85 NY2d 980). In this case, the prosecutor posed a hypothetical question to the expert that subsumed the evidence in this case and asked if the hypothetical victim's behavior was unusual with respect to child sex abuse syndrome. This is the type of evidence proscribed by *People v Shay (supra)*, since its effect is to correlate the alleged victim's behavior with that of known victims of sexual abuse. Aside from the fact that defendant did not object, the admission of the expert's answer was harmless error since in her subsequent testimony she made it clear that she did not mean to indicate by her answer that the victim was sexually abused. Further, County Court gave limiting instructions in its charge that the expert could not render an opinion on the issue of whether the victim was sexually abused.

Defendant's failure to object leaves his arguments respecting the victim's mother and grandmother's testimony that was admitted under the "prompt outcry" exception to the hearsay rule unpreserved for our review (*see, People v Barrett*, 213 AD2d 416, 417, *lv denied* 85 NY2d 935). Defendant was not prejudiced by the expert's "prompt outcry" testimony for it mirrored evidence which had already been disclosed to the jury without objection (*see, People v Fabian*, 213 AD2d 298, 299, *lv denied* 85 NY2d 972).

Where, as here, defense counsel actively participates in the trial by effectively cross-examining witnesses, raising appropriate objections, presenting an arguable defense and delivering cogent opening and closing statements, a claim of ineffective assistance of counsel is meritless (*see, People v Richards*, 228 AD2d 792, 793; *People v Parker*, 220 AD2d 815, 816-817, *lv denied* 87 NY2d 1023).

Upon his conviction of two counts of sexual abuse in the first degree, defendant was sentenced to consecutive indeterminate terms of imprisonment of $2^1/_3$ to 7 years. Taking into account defendant's previous conviction of a sex-related crime involving this victim and the predatory nature of these crimes that carry a high risk of recidivism, we do not consider the sentence harsh or excessive (*see, People v Beecher*, 225 AD2d 943, 946).

Lastly, defendant's due process argument is not properly before us as it was not raised before County Court (*see, People v Voliton*, 83 NY2d 192, 195).

Mercure, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.