(December 11, 1997)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD J. McGUINNESS, Appellant. [665 NYS2d 752] —Casey, J. Appeals (1) from a judgment of the County Court of Essex County (Jung, J.), rendered April 25, 1996, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree, sexual abuse in the second degree (two counts) and endangering the welfare of a child (four counts), and (2) by permission, from an order of said court, entered July 24, 1997, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant's convictions for sexual abuse in the first degree and three counts of endangering the welfare of a child were based on sexual contact with his nine-year-old stepdaughter while she was in his care during the time her mother was working late. Defendant was also convicted of two counts of sexual abuse in the second degree and a fourth count of endangering the welfare of a child as a result of sexual contact he had with his stepdaughter's 12-year-old girlfriend. Although defendant denied all such contact at trial, the sufficiency of the evidence supporting the convictions is not seriously disputed on this appeal. Defendant was sentenced to a term of imprisonment of 2 1/3 to 7 years on the first degree sexual abuse charge and one year on each of the remaining charges, all sentences to be served concurrently.

Defendant initially claims that County Court improperly admitted expert testimony concerning child sexual abuse syndrome to show general behavioral characteristics of a sexually abused child in violation of the rule laid down in *People v Taylor* (75 NY2d 277, 292-293) as followed in *People v Shay*

(210 AD2d 735, 735-736, *lv denied* 85 NY2d 980). Contrary to defendant's claim, however, the expert witness here did not testify to behavioral changes or symptoms that might be indicative of sexual abuse. Rather, the witness here limited his testimony to explaining behavior that would otherwise appear unusual to the average juror; for example, why a victim of sexual abuse might not immediately report such abuse, as is the case here, or why a child would continue contact and maintain a relationship with the abuser. The expert was careful to confine his conclusions to educating the jury on the rape trauma syndrome and the child sexual abuse syndrome and not to state his opinion as to whether the complainants had been abused. Thus, under the above-cited authorities, no error was committed, even without limiting instructions by the court.

Defendant next contends that County Court improperly excluded the testimony of three defense witnesses. Specifically, defendant claims that as Amanda Hunsdon's testimony was offered to establish a reason for the stepdaughter to fabricate, it was permissible. Despite the 1986 amendment to CPL 470.05 (2), which relieves defendant from stating a particular legal ground in order to preserve an error for appeal, the requirement of a proper foundational basis for impeachment by prior inconsistent statements remains and, thus, such testimony of Hunsdon was properly excluded for lack of a proper foundation (*see, People v Carter*, 227 AD2d 661, 662-663, *lv denied* 88 NY2d 1067). For the same reason, the testimony of Lisa Marie Hunsdon was properly excluded. As to Helen Tank, who was to testify about defendant's reputation in the community with regard to his behavior around children, her testimony was also properly excluded. Testimony as to particular traits of defendant through personal knowledge of a witness is not permitted (*see, People v Van Gaasbeck*, 189 NY 408, 421; *see also, People v Bouton*, 50 NY2d 130, 139-140). Significantly, in this regard, Tank was not a member of defendant's community as required for the admission of such testimony.

Defendant also claims that the testimony of John La Fountain should not have been admitted as it consisted entirely of hearsay. As defendant failed to object to such testimony, this issue is not preserved for our review (*see, People v Archer*, 232 AD2d 820, 822, *lv denied* 89 NY2d 1087). Furthermore, defendant cannot now complain about the presence on the witness stand of Erin Ganter as a counselor to both victims, as such presence was agreed to by defendant at trial.

Finally, we have considered defendant's contention that his counsel was ineffective and find such claim baseless. Defen-

dant received meaningful representation, as counsel made appropriate arguments and objections and succeeded in obtaining an acquittal on four counts of the indictment (*see, People v Snyder*, 240 AD2d 874, 875). Defendant's personal disagreement with his counsel's assistance does not mean that such assistance was ineffective (*see, People v Benn*, 68 NY2d 941, 942).

Defendant also challenges the denial of his motion pursuant to CPL 440.10 to vacate the judgment of conviction. In this respect, defendant contends that the presence of Ralph Brown on the jury violated his constitutional right to an impartial jury because defendant had obtained a civil judgment against Brown's son almost 20 years prior to trial. The record provides no evidence that Brown was even aware of this relationship (*see, People v Harris*, 84 AD2d 63, 95, *affd* 57 NY2d 335, *cert denied* 460 US 1047) and even if he was, there is no evidence, direct or indirect, that this factor played any role whatsoever in the jury's verdict. Therefore, defendant's constitutional right to an impartial jury was not violated.

Defendant further attempts to extend his claim of ineffective assistance based on "new evidence". The so-called new evidence did not meet the criteria of CPL 440.10 (1) (g) since it would not change the result at a new trial (*see, People v Willard*, 226 AD2d 1014, 1020, *lv dismissed* 88 NY2d 943). We have considered the total performance of defense counsel, both at trial and posttrial, and find that defendant's constitutional right to effective assistance of counsel was not violated. Accordingly, defendant's motion to vacate his judgment of conviction was properly denied.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.