■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. CARROLL, Appellant. [695 NYS2d 154] —Peters, J. Appeal

from a judgment of the County Court of Rensselaer County (Sise, J.), rendered February 23, 1998, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts) and sexual abuse in the first degree (six counts).

At age 13, four years after her stepfather separated from her mother, the victim reported that defendant had been touching her. During her first interview with police authorities, she told Detective Steven Weber that defendant began touching her chest and vaginal area when she was six years old. A nurse practitioner trained to examine sexual assault victims reported, upon her examination, that her findings were consistent with vaginal penetration since the victim's vulva showed a marked redness and there existed an old transection in her hymenal band at the seven o'clock position. At a second police interview, the victim met with Investigator Edmund Girtler where she revealed, in addition to the aforementioned acts, that she had felt pressure inside of her vagina since the age of 10. Girtler thereafter instructed the victim to telephone defendant for the purpose of eliciting incriminating statements which would be audiotaped. During that telephone conversation, defendant denied inappropriate conduct despite her continued accusations.

Upon the request of Weber and Girtler, defendant came to the police barracks for questioning. During the interview, Girtler confronted defendant with a fake polygraph test indicating that the victim had been truthful in her allegations of rape and sexual abuse by him. Upon being shown the polygraph and asked if the victim was lying, defendant said she was not. After trial, at which Girtler testified, a jury found defendant guilty of three counts of rape in the first degree and six counts of sexual abuse in the first degree. Defendant was sentenced to 12½ to 25 years of imprisonment for each rape conviction and 2 to 4 years for each of the sexual abuse convictions. He appeals.

Regarding defendant's challenge to the admission of certain expert testimony, we note that expert testimony concerning child sexual abuse accommodation syndrome has been found admissible to explain the behavior of a victim that either might appear unusual or which jurors might not be expected to understand (*see, People v Taylor*, 75 NY2d 277, 293; *People v Mercado*, 188 AD2d 941). Its purpose is to enable the jury to become informed about scientific matters upon which they have no knowledge (*People v Wernick*, 89 NY2d 111, 120 [Simons, J., dissenting]). Although expert testimony must be based on either a scientific principle or a procedure which is found to be

" 'sufficiently established to have gained general acceptance in the particular field in which it belongs' " (*People v Wesley*, 83 NY2d 417, 423, quoting *Frye v United States*, 293 F 1013, 1014 [emphasis omitted]), unanimous endorsement by the scientific community is not required (*see, People v Taylor, supra,* at 288).

In reviewing the purpose for which the disputed testimony was admitted, we find no abuse of discretion (*see, People v Fish*, 235 AD2d 578, 579-580, *lv denied* 89 NY2d 1092) since it sought to explain why a victim of sexual abuse would delay in reporting a crime (*see, People v Shay*, 210 AD2d 735, *lv denied* 85 NY2d 980). Notably, the testimony was not admitted for the purpose of demonstrating that the victim had been sexually abused (*compare, People v Seaman*, 239 AD2d 681, *appeal dismissed* 91 NY2d 954) or for a comparison of the victim's behavior with that commonly associated with others who have experienced such crimes (*compare, People v Mercado, supra,* at 943).

Similarly without merit is defendant's contention that the audiotaped conversation should have been admissible as an excited utterance. An excited utterance is "the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's normal reflective processes inoperative" (*People v Vasquez*, 88 NY2d 561, 574). As defendant was alleged to have engaged in the sexual abuse of this victim for no less than seven years, we cannot agree that his protestations of innocence, upon confrontation by the victim, rendered his "normal reflective processes inoperative" (*id.,* at 574). Rejecting all other evidentiary challenges to the exclusion of the audiotape (*see, People v Caserta*, 19 NY2d 18) as without merit, we review the sufficiency of the evidence presented.

Assessing legal sufficiency by viewing it in a light most favorable to the prosecution, as we must, we conclude that any rational trier of fact could have found the elements of the crimes upon which the defendant was convicted proven beyond a reasonable doubt (*see, People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620). Further finding that the verdict was not against the weight of the evidence when viewed in a neutral light and with due deference to the jury's opportunity to assess the credibility of the witnesses presented (*see, People v Bleakley*, 69 NY2d 490, 495), we affirm the convictions.

The challenge to the sentence proves, however, to be viable in part. The People concede that the sentence for the first six counts of the indictment exceeded the maximum sentence permitted by law since the crimes were committed prior to

October 1, 1995.* As these counts were governed by the pre-amendment provisions of Penal Law § 70.02 (4), their minimum term must be no greater than one third of the maximum term imposed by the court (*see, People v Trimm*, 252 AD2d 673, 675, n, *lv denied* 92 NY2d 931). Notwithstanding such error, we find that the sentence imposed on the remaining counts was neither harsh nor excessive and we find no reason to disturb the sentence in the interest of justice. Defendant's remaining contentions have been reviewed and rejected as lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the sentence for the convictions of rape in the first degree under counts one, three and five of the indictment to concurrent prison terms of 8⅓ to 25 years and for the convictions of sexual abuse in the first degree under counts two, four and six of the indictment to consecutive prison terms of 1⅓ to 4 years, to run concurrent to the prison terms for rape in the first degree, and, as so modified, affirmed.

---

* Effective October 1, 1995, Penal Law § 70.02 (4) permitted the sentencing court to fix the minimum term of imprisonment at one half the maximum term imposed. Although defendant was sentenced in 1998, the offenses set forth in counts 1 through 6 of the indictment were committed prior to October 1, 1995.