■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD J. KUKON, JR., Appellant. [711 NYS2d 870] —Graffeo, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered September 10, 1999, upon a verdict convicting defendant of the crimes of sodomy in the third degree (two counts), rape in the third degree and endangering the welfare of a child.

Defendant was convicted of four counts of a 25-count indictment, with the jury deadlocked on the remaining counts. The charges arose from allegations made by the victim, a foster child who had resided with defendant and his wife and children since 1992 when she was 11 years old. At trial, the victim testified that defendant had sexual contact with her on more than 10 occasions beginning in June 1996 when she was 15 years old, with the last incident occurring in December 1997. Her testimony regarding one incident in the summer of 1996 was corroborated by defendant's second cousin who had witnessed a sexual act between defendant and the victim. Testifying in his own defense, defendant categorically denied that he had any sexual contact with the victim and offered the testimony of alibi witnesses in regard to certain incidents. Defendant was convicted of one count of sodomy arising from the incident witnessed by his second cousin; the remaining three counts related to an incident on December 23, 1997. Defendant now seeks reversal of his conviction.

We reject defendant's contention that the testimony of the People's expert witness concerning child sexual abuse syndrome impermissibly bolstered the credibility of the victim and usurped the function of the jury. A review of the record reveals

that the psychiatrist's testimony was properly confined to a scientific explanation of the behavior of children who suffer from this syndrome which "might appear unusual or which jurors might not be expected to understand" (*People v Carroll*, 263 AD2d 768, 769, *lv granted* 94 NY2d 902; *see, People v Taylor*, 75 NY2d 277, 293; *People v Mercado*, 188 AD2d 941, 942) and was offered "to explain why a victim of sexual abuse would delay in reporting a crime" (*People v Carroll, supra*, at 770). The expert, who testified that she had not met or examined the victim in this case, did not impermissibly suggest that the victim had been sexually abused or that she exhibited signs similar to individuals who have been abused (*see, People v Taylor, supra*; *People v Carroll, supra*, at 770; *People v Archer*, 232 AD2d 820, 821-822, *lv denied* 90 NY2d 938; *People v Shay*, 210 AD2d 735, 735-736, *lv denied* 85 NY2d 980). Moreover, we note that County Court gave appropriate limiting instructions at the time the expert was deemed qualified, on two occasions during her questioning and again as part of its jury charge, negating any likelihood that the jury considered the testimony for an improper purpose (*see, People v Archer, supra*, at 822).

Similarly without merit is defendant's assertion that County Court's refusal to allow him access to certain school and psychiatric records in the possession of the foster care agency violated his right of confrontation and impeded his ability to effectively cross-examine the expert witness. Defendant's request was predicated on his belief that the records would disclose instances when the victim had been subjected to sexual abuse prior to entering foster care, which evidence he wished to proffer as an explanation for any manifestations of child sexual abuse syndrome or to suggest that the victim was confused about the identity of her abuser. After two in camera inspections of the records, County Court denied the application, observing that the documents contained only a single reference to an unspecified "molestation" occurring years before the incidents alleged in the indictment.

We find that County Court did not abuse its discretion in refusing defendant access to these records. In light of the specificity of the victim's testimony and the length of time separating these incidents and the alleged prior incident, defendant's contention that the victim was confused about the identity of the abuser was wholly unsubstantiated (*see, People v Rogowski*, 228 AD2d 728, 729). Furthermore, as defendant did not allege, much less "adduce proof that claims of sex abuse made by the victim against other persons were false or suggestive of a pattern that cast doubt on the validity of, or bore a significant

probative relation to, the instant charges" (*People v Sprague*, 200 AD2d 867, 868, *lv denied* 83 NY2d 877), we find that County Court did not err in concluding that disclosure was not warranted because the records would neither be admissible nor provide a basis for permissible cross-examination (*see, People v Rogowski, supra,* at 729; *People v Sprague, supra,* at 868; *People v Charlton,* 192 AD2d 757, 759, *lv denied* 81 NY2d 1071; *see generally,* CPL 60.42).

Next, defendant argues that County Court committed reversible error in precluding certain defense testimony intended to rebut the victim's claim that she had not participated in "trick or treating" activities on Halloween night in 1996 but had stayed home alone with defendant, with whom she allegedly had sexual contact (an allegation underlying two counts of the indictment). Because the testimony defendant sought to elicit—that the victim was not present at defendant's home at the time in question—was relevant to the material issue of whether defendant had the opportunity to engage in sexual conduct with the victim that evening, County Court erred in precluding the testimony on the basis that it would constitute an improper collateral attack on the victim's credibility (*see, People v Knight,* 80 NY2d 845, 846-847; *People v Cade,* 73 NY2d 904, 905; *People v Bazalar,* 211 AD2d 839, 840-841, *lv denied* 85 NY2d 969; *People v Brooks,* 210 AD2d 800, 802-803, *lv denied* 85 NY2d 906). Notwithstanding this error, we find that reversal is not warranted as defendant was permitted to present an alibi witness who claimed that defendant was with him at the time the offenses were alleged to have occurred and defendant was not convicted of the two counts of sexual misconduct pertaining to that evening. Thus, preclusion of the testimony did not contribute to the conviction and was harmless (*see, People v Norris,* 238 AD2d 608, *lv denied* 90 NY2d 896).

Finally, defendant urges that the prosecution was improperly allowed to offer a "plethora" of irrelevant and collateral testimony concerning the victim's treatment while she resided in defendant's household, certain uncharged incidents involving defendant, and testimony from a third party placing defendant and the victim alone together at a time which corresponded with the victim's testimony. Most of the testimony which defendant deems objectionable was properly elicited as background or rebuttal evidence and, in any event, we observe that defendant was given ample leeway to counter the allegations with his own testimony and that of other witnesses. Moreover, viewing the record as a whole and considering the fact

that defendant was convicted of only four of the 25 counts, none of which involved incidents related to the uncharged incidents or rebuttal testimony, we conclude there is no likelihood that the jury placed undue emphasis on or was improperly swayed by the testimony so as to deny defendant a fair trial.

We have considered the remaining contentions of defendant and find them to be either unpreserved for review or lacking in merit.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Columbia County for further proceedings pursuant to CPL 460.50 (5).