■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR CARDONA, Appellant. [874 NYS2d 474]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered August 8, 2006, convicting defendant, after a jury trial, of two counts of rape in the second degree, and sentencing him to consecutive terms of 2¹/₃ to 7 years, unanimously affirmed.

The court properly exercised its discretion in admitting evidence that, in an incident that occurred shortly before the charged rapes, defendant showed pornographic pictures to the 13-year-old victim. This evidence was properly admitted to demonstrate defendant's pattern of increasingly serious sexual conduct toward the victim leading up to the charged crimes (*see People v Rosario*, 34 AD3d 370 [2006], *lv denied* 8 NY3d 949 [2007]). The evidence constituted highly probative background information that tended to explain the relationship between de-

fendant and the victim and place the events in question in a believable context (*see People v Dorm*, 12 NY3d 16 [2009]). We have considered and rejected defendant's remaining arguments relating to this evidence.

The court's *Sandoval* ruling, which permitted the People to elicit defendant's prior sexual abuse conviction without mentioning any underlying facts, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Pavao*, 59 NY2d 282, 292 [1983]; *People v Rosado*, 53 AD3d 455 [2008], *lv denied* 11 NY3d 835 [2008]).

The court properly permitted the People to rebut a claim of recent fabrication by introducing a prior consistent statement made by the victim, since this statement predated a particular motive to falsify that had been asserted by the defense (*see People v McDaniel*, 81 NY2d 10, 18 [1993]; *People v Whitley*, 14 AD3d 403, 406 [2005], *lv denied* 4 NY3d 892 [2005]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Andrias, Gonzalez, Moskowitz and Renwick, JJ.