■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PARADA, Appellant. [889 NYS2d 159]—

582

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered June 18, 2007, convicting defendant, after a jury trial, of course of sexual conduct against a child in the first degree, and sentencing him to a term of 20 years, affirmed.

The court properly admitted the victim's disclosure to her cousin, as it was made during the period wherein she was being sexually abused. We have held that "the prompt outcry exception" is applicable to "an outcry made . . . at the end of a course of sexual conduct" (*People v Stuckey*, 50 AD3d 447, 448 [2008], *lv denied* 11 NY3d 742 [2008]). Although the victim's disclosure to her aunt did not qualify under that exception, any error in admitting that evidence was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]; *see also People v Leon*, 209 AD2d 342, 343 [1994], *lv denied* 84 NY2d 1034 [1995]).

Defendant did not preserve his other challenges to prior consistent statements by the victim, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The statements at issue, contained in medical records, were sufficiently related to diagnosis and treatment to be admissible (*see People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Bailey*, 252 AD2d 815 [1998], *lv denied* 92 NY2d 922 [1998]). A statement made by the victim to a detective was rendered admissible by the prior defense cross-examination of the detective regarding the same matter (*see People v Melendez*, 55 NY2d 445, 451-452 [1982]; *People v Torre*, 42 NY2d 1036, 1037 [1977]). A trial court has the discretion to decide "door opening" issues "by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression" (*People v Massie*, 2 NY3d 179, 184 [2004]). Here, the court's ruling was within its discretion and should not be disturbed.

Defendant's challenges to the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also find that the challenged portions of the summation constituted permissible argument (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-

119 [1992], *lv denied* 81 NY2d 884 [1993]), with the exception of arguments that tended to treat the expert testimony on typical victim behavior as evidence that the alleged sexual conduct actually occurred (*see People v Banks*, 75 NY2d 277, 293 [1990]). While the prosecutor improperly cited expert testimony to suggest that the victim's change in behavior was indicative of her having been abused, we find no basis to disturb the jury's determination regarding the credibility of the victim's strong testimony, and find the error to be harmless in any event (*see People v Bennett*, 273 AD2d 108 [2000], *lv denied* 96 NY2d 797 [2001]).

To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defense counsel's failure to object, or to make specific objections to the prosecutor's summation and to certain prior consistent statements by the victim, did not cause defendant any prejudice or deprive him of a fair trial. Even if trial counsel had successfully objected to the evidence and summation comments that defendant now challenges on appeal, we do not find any reasonable probability that the outcome of the trial would have been different. Concur—Tom, J.P., Saxe and Sweeny, JJ.

Acosta and Abdus-Salaam, JJ., dissent in a memorandum by Abdus-Salaam, J., as follows: I would reverse the conviction based on the trial court's erroneous admission of improper expert testimony as well as clearly hearsay evidence. Given that the only evidence of defendant's guilt was the testimony of the 11-year-old complaining witness and that there was no physical evidence, I believe the errors were not harmless and that defendant is entitled to a new trial. I cannot agree with the majority's conclusion that there is no reasonable probability these errors, which were substantial, affected the outcome of the trial. Furthermore, to the extent that certain evidentiary errors were not preserved for our review, I believe we should exercise our power to address them as a matter of discretion in the interest of justice, given the cumulative effect of the errors committed here.

In July 2006 the grand jury returned an indictment against defendant with a single count of course of sexual conduct against a child based on the allegations of a girl, then age 10, that defendant, her stepfather's best friend, had sexually molested her two or more times between December 2002 and December 2004, while he was babysitting for her and her brothers. These allegations were made in the summer of 2006. At the trial in May

2007, the girl testified that defendant had touched her "front [private] part" and "put his front part in my back part." Defendant was 36 years old and had no prior criminal history. He testified in his defense and asserted his innocence throughout the case.

The majority acknowledges it was error for the prosecutor to use the expert testimony of the psychologist to prove that abuse occurred, but concludes this error was harmless. While my colleagues find no basis to disturb the jury's determination regarding the credibility of the victim's "strong testimony," I believe that this error, along with the other errors, tainted the trial. The rationale for the rule that expert testimony cannot be used to show that the victim demonstrated behavior consistent with other victims of abuse is that "the admission of such testimony would be *unduly prejudicial* since, although the presence of behavioral symptoms does not necessarily indicate that an act of sexual abuse took place, the clear implication of such testimony is that it was more likely than not that the child had been sexually abused" (*People v Shay*, 210 AD2d 735, 736 [1994], *lv denied* 85 NY2d 980 [1995] [emphasis added]). I am not persuaded that this unduly prejudicial testimony did not affect the outcome of the trial.

I disagree with the majority's conclusion that there is no merit to defendant's challenges to the admission of prior consistent statements by the victim. There was no proper basis to admit these prior statements, which were offered to the jury through the testimony of several witnesses.

It was error to permit the pediatric nurse to testify about statements the child had made to her in the course of a forensic examination conducted at the Children's Advocacy Center in July 2006, and to admit the unredacted records containing the nurse's notes about descriptions of the alleged abuse given by the child. Contrary to the majority's conclusion that the statements at issue were sufficiently related to diagnosis and treatment to be admissible, it is evident that the purpose of the nurse's examination, which was arranged by law enforcement and was conducted over a year after the alleged abuse had ended, was for the purpose of a criminal investigation.

Therefore, all of the statements made by the child during the course of the forensic examination were inadmissable (*see People v Ballerstein*, 52 AD3d 1192 [2008]). In contrast, both *People v Rogers* (8 AD3d 888 [2004]) and *People v Bailey* (252 AD2d 815 [1998], *lv denied* 92 NY2d 922 [1998]), relied upon by the majority, involved statements contained in a hospital record made to hospital staff and were deemed to be germane to the victims' medical treatment and diagnosis.

Reversible error was also committed by the admission of bolstering pretrial statements (*see People v McDaniel*, 81 NY2d 10, 18 [1993]; *People v Shay*, 210 AD2d 735 [1994], *supra*). The trial court permitted both the child and her aunt to testify about the child's May 2006 disclosure of the abuse to the aunt. As conceded by the People, this disclosure, made over a year after the period of abuse had ended, cannot qualify as a "prompt outcry" exception (*see McDaniel*, 81 NY2d at 17 [where it was held that statements made by the complainant days later could not be admitted as a prompt outcry because they were not made "at the first suitable opportunity"]; *People v O'Sullivan*, 104 NY 481, 486 [1887]; *see also People v Leon*, 209 AD2d 342, 343 [1st Dept 1994], *lv denied* 84 NY2d 1034 [1995] [where we noted that a child's report to her mother in June 1988 of abuse that had occurred in the winter of 1987 and the spring of 1988 was "insufficiently prompt"]).

Nor should the prior consistent statement have been admitted to rebut a claimed recent fabrication, because the girl's statement to her aunt in May 2006 did not predate whatever motive the girl may have had to fabricate in the first place. "[F]or the prior consistent statement to have been admissible it would have to have been shown that it preceded the making of the plan [to bring trumped up charges]. But there was no such showing" (*People v Davis*, 44 NY2d 269, 278 [1978]; *cf. People v Cardona*, 60 AD3d 493, 494 [2009], *lv denied* 12 NY3d 924 [2009]). The error was magnified when this testimony was read back to the jury upon the jury's specific request during deliberations.

Additionally, the trial court committed error by permitting a detective, on redirect questioning, to testify in detail about the child's statement to him concerning the alleged abuse. There was no applicable hearsay exception and no legitimate nonhearsay purpose for which this testimony was admissible. The People argue that the prosecutor had taken care not to elicit on direct examination the contents of the girl's statement to the detective, but that on cross-examination defendant opened the door by questioning the detective about a portion of the statement. However, the cross-examination pertained to the complainant's testimony that none of her brothers had been in the apartment when she was alone with defendant, and whether she had told the detective that during or immediately after the incident one of her brothers had entered the apartment. This cross-examination did not open the door to specific testimony about the details of the abuse.

Accordingly, the cross-examination opened the door to some,

but not all of the hearsay testimony (*see People v Massie*, 2 NY3d 179 [2004]), and it was error to permit the detective to testify as to the full graphic details of the girl's statement describing the abuse. While the majority points out that the trial court has discretion to decide "door-opening" issues, I believe it was an abuse of discretion to permit this testimony.

At bottom, the cumulative effect of these evidentiary errors on a conviction that rests essentially on the credibility of an 11-year-old child cannot be termed harmless, and this conviction should be reversed and the matter remitted for a new trial (*see People v Mercado*, 188 AD2d 941 [1992]).