THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL THOMAS, Appellant. [892 NYS2d 461]—

The defendant's challenge to the sufficiency of the evidence is not preserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally suf-

ficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, a new trial is required due to the County Court's improper admission into evidence, over the defendant's objection, of a statement given by the complainant to police concerning the events of July 31, 2006. A witness's trial testimony ordinarily may not be bolstered with pretrial statements. There are two exceptions to this rule—evidence of prompt outcry and prior consistent statements used to rebut a charge of recent fabrication. Under the prompt outcry exception, only the fact of the complaint, not its accompanying details, may be elicited. As to the latter exception, evidence of prior consistent statements may only be used after the victim's testimony is challenged on cross-examination as a recent fabrication. The prior consistent statement must have been given before the alleged motive to fabricate arose (*see People v McDaniel*, 81 NY2d 10, 16-18 [1993]; *People v Davis*, 44 NY2d 269, 278 [1978]; *People v Cardona*, 60 AD3d 493 [2009]; *People v Singh*, 276 AD2d 503 [2000]).

The content of the complainant's statement to police was not admissible under either of those exceptions. Accordingly, the admission of the statement into evidence after proffer by the People constituted improper bolstering of the complainant's testimony (*see People v McDaniel*, 81 NY2d at 16). Under the circumstances of this case, such improper bolstering cannot be deemed harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]).

In light of our determination, the defendant's contention regarding his sentence has been rendered academic.

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.