Matter of E.H. (M.H.) (2022 NY Slip Op 05950)

Matter of E.H. (M.H.)

2022 NY Slip Op 05950

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Docket No. NA-04377/20, NA-04378/20 Appeal No. 16531 Case No. 2022-00082 

[*1]In the Matter of E.H. and Another, a Children Under Eighteen Years of Age, etc., M.H. Respondent-Appellant, Administration for Children's Services, Respondent-Respondent.

Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for M. H., attorney for the child.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), for E. H., attorney for the child.

Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 21, 2021, insofar as it determined, after a hearing, that respondent sexually abused the subject eldest child and derivatively abused the subject younger child, unanimously affirmed, without costs.
Family Court's determination that respondent sexually abused the eldest child is supported by a preponderance of the evidence (Family Ct Act § 1046 [a][vi]; [b][i]). The court properly determined that the child's statements to the hospital staff at Four Winds and Dr. Khan were independently admissible and did not require corroboration because they were relevant to her treatment, diagnosis and discharge (see People v Parada, 67 AD3d 581, 582 [1st Dept 2009] [child's statements contained in medical records, were sufficiently related to diagnosis and treatment to be admissible]; see also People v Ortega, 15 NY3d 610, 619 [2010]). In any event, the child's out-of-court statements were properly corroborated by the testimony of the ACS caseworker, her treating therapist, her medical records, and by the expert testimony of a child psychologist that the child suffered from post-traumatic stress disorder culminating in a suicide attempt, consistent with sexual abuse and not otherwise explained (see Matter of Dorlis B. [Dorge B.], 132 AD3d 578 [1st Dept 2015]; Matter of Estefania S. [Orlando S.], 114 AD3d 453 [1st Dept 2014]).
Respondent's sexual abuse of the eldest child supports a finding of derivative abuse with respect to the younger child since it demonstrates that his understanding of his parental obligations is so defective as to place her at substantial risk, particularly since the younger child was present in the same room when the abuse occurred (see Matter of Maria S. [Angel A.], 185 AD3d 437 [1st Dept 2020]; Matter of Krystal N. [Juan R.], 193 AD3d 602 [1st Dept 2021]; Matter of Brandon M. [Luis M.], 94 AD3d 520 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022